PETER D. KEISLER
Assistant Attorney General

EUGENE M. THIROLF
Director,
KENNETH L. JOST
Deputy Director,
Office of Consumer Litigation

JOHN W. BURKE (VA BAR NO. 72780)
Trial Attorney, Office of Consumer Litigation
Civil Division
United States Department of Justice
P.O. Box 386
Washington, D.C. 20044
Telephone: (202) 353-2001
Facsimile: (202) 514-8742
Email: josh.burke@usdoj.gov

Attorneys for Plaintiff United States of America

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>　　**Plaintiff,**<br><br>　　　　**v.**<br><br>**ADTERACTIVE, INC., doing business as FreeGiftWorld.com and SamplePromotionsGroup.com,**<br><br>　　**Defendant.** | **Case No. CV-07-5940 SI**<br><br>**STIPULATED FINAL JUDGMENT FOR CIVIL PENALTIES AND PERMANENT INJUNCTIVE RELIEF** |

　　　Plaintiff, the United States of America, acting upon notification and authorization to the Attorney General by the Federal Trade Commission ("FTC" or the "Commission"), pursuant to Section 16(a)(1) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 56(a)(1), has filed a complaint pursuant to Sections 5(a)(1), 5(m)(1)(A), 13(b), 16(a), and 19 of the FTC Act, 15 U.S.C. §§ 45(a)(1), 45(m)(1)(A), 53(b), 56(a), and 57b and

1  under Section 7(a) of the Controlling the Assault of Non-

2  Solicited Pornography and Marketing Act of 2003 ("CAN-SPAM" or

3  the "CAN-SPAM Act"), 15 U.S.C. § 7706(a), to secure civil

4  penalties, a permanent injunction, and other equitable relief for

5  Defendant's violations of Section 5(a) of the FTC Act, 15 U.S.C.

6  § 45(a), and Section 5(a) of CAN-SPAM, 15 U.S.C. § 7704(a).

7      Defendant has waived service of the Summons and Complaint;

8  the parties have been represented by the attorneys whose names

9  appear hereafter; and the parties have agreed to settlement of

10 this action upon the following terms and conditions, without

11 adjudication of any issue of fact or law and without Defendant

12 admitting liability for any of the matters alleged in the

13 Complaint.

14     THEREFORE, on the joint motion of the parties, it is hereby

15 ORDERED, ADJUDGED AND DECREED as follows:

16                          **<u>FINDINGS</u>**

17 1.   This Court has jurisdiction over the subject matter of this

18 action pursuant to 15 U.S.C. §§ 45(m)(1)(A), 53(b), 56(a), 57b,

19 and 7706(a), and 28 U.S.C. §§ 1331, 1337(a), 1345, and 1355.

20 2.   Plaintiff and Defendant consent to jurisdiction and venue in

21 this District.

22 3.   The activities of Defendant are in or affecting commerce, as

23 defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

24 4.   The Complaint states a claim upon which relief may be

25 granted against Defendant under Section 5(a) of the CAN-SPAM Act,

26 15 U.S.C. § 7704(a), and Sections 5(a), 5(m)(1)(A), 13(b) and 19

27 of the FTC Act, 15 U.S.C. §§ 45(a), 45(m)(1)(A), 53(b), and 57b.

28

5.    Defendant has entered into this Stipulated Final Judgment For Civil Penalties And Permanent Injunctive Relief ("Order") freely and without coercion.

6.    Defendant hereby waives all rights to appeal or otherwise challenge or contest the validity of this Order.

7.    Defendant agrees that this Order does not entitle Defendant to seek or to obtain attorneys' fees as a prevailing party under the Equal Access to Justice Act, 28 U.S.C. § 2412, and Defendant further waives any rights to attorneys' fees that may arise under said provision of law.

8.    Entry of this Order is in the public interest.

## DEFINITIONS

For the purpose of this Order, the following definitions shall apply:

1.    "Commercial electronic mail ('email') message" means any email message the primary purpose of which is the commercial advertisement or promotion of a commercial product or service (including content on an Internet website operated for a commercial purpose) and that further satisfies the requirements of 16 C.F.R. §§ 316.1 - 316.5, as they exist now and may be amended.

2.    Unless otherwise specified, "Defendant" means Adteractive, Inc., d/b/a FreeGiftWorld.com and SamplePromotionsGroup.com, and its successors, assigns, affiliates, or subsidiaries.

3.    "Document" is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure

34(a), and includes writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which information can be obtained and translated, if necessary, into reasonably usable form through detection devices.  A draft or non-identical copy is a separate document within the meaning of the term.

4.    "Electronic mail ('email') address" means a destination, commonly expressed as a string of characters, consisting of a unique user name or mailbox (commonly referred to as the "local part") and a reference to an Internet domain (commonly referred to as the "domain part"), whether or not displayed, to which an email message can be sent or delivered.

5.    "Electronic mail ('email') message" means a message sent to a unique email address.

6.    "Initiate," when used with respect to a commercial email message, means to originate or transmit such message or to procure the origination or transmission of such message, but shall not include actions that constitute routine conveyance of such message.  For purposes of this Order, more than one person may be considered to have initiated a message.

7.    "Landing page" means, in online marketing, a specific web page that a visitor reaches after clicking a link or advertisement in an email or banner ad.  This page usually showcases content that is an extension of the link or ad.

8.    "Person" means a natural person or a corporation, partnership, proprietorship, limited liability company, or other organization or legal entity, including an association,

1  cooperative, or agency, or other group or combination acting as
2  an entity.

3    9.  "Procure," when used with respect to the initiation of
4  a commercial email message, means intentionally to pay or provide
5  other consideration to, or induce, another person to initiate
6  such a message on one's behalf.

7    10.  "Recipient," when used with respect to a commercial
8  email message, means an authorized user of the email address to
9  which the message was sent or delivered.  If a recipient of a
10  commercial email message has one or more email addresses in
11  addition to the address to which the message was sent or
12  delivered, the recipient shall be treated as a separate recipient
13  with respect to each such address.  If an email address is
14  reassigned to a new user, the new user shall not be treated as a
15  recipient of any commercial email message sent or delivered to
16  that address before it was reassigned.

17    11.  "Sender," when used with respect to a commercial email
18  message, means a person who initiates such a message and whose
19  product, service, or Internet website is advertised or promoted
20  by the message.

21  **ORDER**

22  **I.    PROHIBITION AGAINST FAILING TO DISCLOSE MATERIAL INFORMATION**

23    IT IS THEREFORE ORDERED that Defendant, its successors,
24  assigns, officers, agents, servants, and employees, and those
25  persons in active concert or participation with it who receive
26  actual notice of this Order by personal service or otherwise are
27  hereby permanently restrained and enjoined from:

28

Stip. Final Judgment

A.    In any email and online advertisement, and on any landing page associated with such email or online advertisement, that contains any direct or implied representation made by Defendant, or made by any authorized agent on behalf of Defendant, that a gift or award is free, failing to disclose, in the same color, font, and size, and within close proximity to such representation that a purchase is required, or that purchases are required, to obtain such gift or award, when such is the case;

B.    On any landing page associated with any direct or implied representation made by Defendant, or made by any authorized agent on behalf of Defendant, that a gift or award is free, failing to disclose, in a clear and conspicuous manner:

      1.    A list of the monetary obligations a consumer is likely to incur to obtain the advertised gift or award;

      2.    A list of any non-monetary obligations a consumer is likely to incur to obtain the advertised gift or award, such as having to apply and qualify for credit cards or an automobile loan.

## II.    PROHIBITION AGAINST VIOLATING THE CAN-SPAM ACT

IT IS FURTHER ORDERED that Defendant, its successors, assigns, officers, agents, servants, and employees, and those persons in active concert or participation with it who receive actual notice of this Order by personal service or otherwise are hereby permanently restrained and enjoined from violating the CAN-SPAM Act, 15 U.S.C. §§ 7701 *et seq.*, attached hereto as

1 Attachment A, and as it may be amended, by, including, but not
2 limited to, initiating the transmission of a commercial email
3 message that misrepresents the content or subject matter of the
4 message.

5 ### III.  CIVIL PENALTIES

6     IT IS FURTHER ORDERED that Defendant shall pay to Plaintiff
7 a civil penalty, pursuant to Section 5(m)(1)(A) of the Federal
8 Trade Commission Act, 15 U.S.C. § 45(m)(1)(A), in the amount of
9 $650,000 as follows:

10     A.   Defendant shall make the payment required by this Part
11 within ten (10) business days of the date of entry of this Order
12 by electronic fund transfer or certified or cashier's check in
13 accordance with the instructions provided by the Office of
14 Consumer Litigation, Civil Division, U.S. Department of Justice,
15 Washington, D.C. 20530, for appropriate disposition; and

16     B.   In the event of any default in payment, which default
17 continues for ten (10) business days beyond the due date of
18 payment, the entire unpaid penalty, together with interest, as
19 computed pursuant to 28 U.S.C. § 1961, from the date of default
20 to the date of payment, shall immediately become due and payable.

21 ### IV.  COMPLIANCE MONITORING

22     **IT IS FURTHER ORDERED** that, for the purpose of monitoring
23 and investigating compliance with any provision of this Order,

24     A.   Within ten (10) days of receipt of written notice from
25 a representative of the Commission, Defendant shall submit
26 additional written reports, sworn to under penalty of perjury;
27 produce documents for inspection and copying; appear for

28

Stip. Final Judgment

deposition; and/or provide entry during normal business hours to any business location in such Defendant's possession or direct or indirect control to inspect the business operation;

B.    In addition, the Commission is authorized to monitor compliance with this Order by all other lawful means, including but not limited to the following:

1.    Obtaining discovery from any person, without further leave of court, using the procedures prescribed by Fed. R. Civ. P. 30, 31, 33, 34, 36, and 45;

2.    Posing as consumers and suppliers to Defendant's employees, or any other entity managed or controlled in whole or in part by Defendant, without the necessity of identification or prior notice; and

C.    Within ten (10) days of receipt of written notice from a representative of the Commission, Defendant shall permit representatives of the Commission to interview any employer, consultant, independent contractor, representative, agent, or employee who has agreed to such an interview, relating in any way to any conduct subject to this Order.  The person interviewed may have counsel present.

***Provided, however,*** that nothing in this Order shall limit the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1, to obtain any documentary material, tangible things, testimony, or information relevant to unfair or deceptive acts or practices in

1 | or affecting commerce (within the meaning of 15 U.S.C.

2 | § 45(a)(1)).

3 | **V.   COMPLIANCE REPORTING BY DEFENDANT**

4 | IT IS FURTHER ORDERED that, in order that compliance with

5 | the provisions of this Order may be monitored:

6 | A.   For a period of five (5) years from the date of entry

7 | of this Order, Defendant shall notify the Commission of any

8 | changes in corporate structure that may affect compliance

9 | obligations arising under this Order, including but not limited

10 | to a dissolution, assignment, sale, merger, or other action that

11 | would result in the emergence of a successor entity; the creation

12 | or dissolution of a subsidiary, parent, or affiliate that engages

13 | in any acts or practices subject to this Order; the filing of a

14 | bankruptcy petition; or a change in the corporate name or

15 | address, at least thirty (30) days prior to such change, *provided*

16 | that, with respect to any proposed change in the corporation

17 | about which Defendant learns less than thirty (30) days prior to

18 | the date such action is to take place, Defendant shall notify the

19 | Commission as soon as is practicable after obtaining such

20 | knowledge;

21 | B.   One hundred eighty (180) days after the date of entry

22 | of this Order, Defendant shall provide a written report to the

23 | FTC, sworn to under penalty of perjury, setting forth in detail

24 | the manner and form in which it has complied and is complying

25 | with this Order.  This report shall include, but not be limited

26 | to:

27 |

28 |

1.   A copy of each acknowledgment of receipt of this
Order, obtained pursuant to Part VII.B of this
Order; and

2.   Any changes required to be reported pursuant to
subsection A of this Part;

C.   For the purposes of this Order, Defendant shall, unless
otherwise directed in writing by the Commission's authorized
representatives, mail all written notifications to the Commission
to:

```
Associate Director for the
Division of Enforcement
Federal Trade Commission
601 New Jersey Avenue, N.W.
Washington, D.C.  20580
Re:  United States v. Adteractive, Inc.
Case No. CV-07-5940 (SI);
```

D.   For the purposes of this Order, Defendant shall, unless
otherwise directed in writing by a representative of Plaintiff,
identify all written notifications required to be sent to
Plaintiff as in reference to DJ# 102-3433, and mail them to:

```
Director, Office of Consumer Litigation
U.S. Department of Justice - Civil Division
P.O. Box 386
Washington, D.C.  20044; and
```

E.   For purposes of the compliance reporting and monitoring
required by this Order, representatives of Plaintiff and the
Commission are authorized to communicate directly with
Defendant's officers.

### VI. RECORD KEEPING PROVISIONS

IT IS FURTHER ORDERED that, for a period of eight (8) years
from the date of entry of this Order, Defendant is hereby

1 restrained and enjoined from failing to create and retain the

2 following records in connection with the marketing, advertising,

3 or promotion of any "free" gift or award from Defendant, and from

4 failing to make such records (or reports concerning such records)

5 available for inspection and copying within ten (10) days of

6 receipt of a written request from a representative of Plaintiff

7 or Commission:

8    A.   Standard accounting records generated in the ordinary

9 course of business including, but not limited to, balance sheets,

10 income statements, and annual reports;

11   B.   Personnel records accurately reflecting:  the name,

12 address, and telephone number of each person employed in any

13 capacity by such business, including as an independent

14 contractor; that person's job title or position; the date upon

15 which the person commenced work; and the date and reason for the

16 person's termination, if applicable;

17   C.   Customer files containing the names, addresses, phone

18 numbers, dollar amounts paid, quantity of items or services

19 purchased, and description of items or services purchased, to the

20 extent such information is obtained in the ordinary course of

21 business;

22   D.   Records that reflect, for every written or oral

23 consumer complaint received by Defendant in the prior three (3)

24 year period relating to the activities of promoting "free" goods

25 and services, whether directly or indirectly or through any third

26 party, (1) the name, address, and telephone number, if provided

27 by the complaining consumer; (2) the written complaint or

28

1    request, if any; (3) the basis of the complaint or request if

2    known; (4) the nature and result of any investigation conducted

3    concerning the complaint or request; (5) each response and the

4    date of such response to the complaint or request; (6) any final

5    resolution of the complaint or request, and the date of such

6    resolution; and (7) in the event of a denial of any resolution,

7    the reason for the denial;

8        E.   Copies of all sales scripts, training materials,

9    advertisements, or other marketing materials;

10       F.   Records demonstrating reasonable policies and

11   procedures to process and handle customer inquiries and

12   complaints; and

13       G.   All records and documents necessary to demonstrate full

14   compliance with each provision of this Order, including but not

15   limited to, copies of acknowledgments of receipt of this Order

16   required by Part VII.B, and all reports submitted to the FTC

17   pursuant to Part V of this Order.

18            **VII.   DISTRIBUTION OF ORDER BY DEFENDANT**

19       IT IS FURTHER ORDERED that, for a period of five (5) years

20   from the date of entry of this Order, Defendant shall deliver

21   copies of this Order as directed below:

22       A.   Defendant must deliver a copy of this Order to all its

23   principals, officers, directors, and managers.  Defendant must

24   also deliver copies of this Order, or summaries of this Order, to

25   all its employees, agents, and representatives who engage in

26   conduct related to the subject matter of this Order.  For current

27   personnel, delivery shall be within ten (10) days of service of

28

Stip. Final Judgment

1  this Order upon Defendant.  For new personnel, delivery shall
2  occur prior to them assuming their responsibilities; and

3      B.    Defendant must secure a signed and dated statement
4  acknowledging receipt of this Order, within thirty (30) days of
5  delivery, from all persons receiving a copy of this Order
6  pursuant to this Part.

7           **VIII.   ACKNOWLEDGMENT OF RECEIPT OF ORDER BY DEFENDANT**

8      IT IS FURTHER ORDERED that Defendant, within five (5)
9  business days of receipt of this Order as entered by the Court,
10  must submit to the Commission a truthful sworn statement
11  acknowledging receipt of this Order.

12                   **IX.   FEES AND COSTS**

13      IT IS FURTHER ORDERED that each party to this Order hereby
14  agrees to bear its own costs and attorneys' fees incurred in
15  connection with this action.

16                   **X.   SEVERABILITY**

17      IT IS FURTHER ORDERED that the provisions of this Order are
18  separate and severable from one another.  If any provision is
19  stayed or determined to be invalid, the remaining provisions
20  shall remain in full force and effect.

21              **XI.   RETENTION OF JURISDICTION**

22      IT IS FURTHER ORDERED that this Court shall retain
23  jurisdiction of this matter for purposes of construction,
24  modification, and enforcement of this Order.

25               **XII.   COMPLETE SETTLEMENT**

26      The parties, by their respective counsel, hereby consent to
27  entry of the foregoing Order, which shall constitute a final

28

1  judgment and order in this matter.  The parties further stipulate

2  and agree that the entry of the foregoing Order shall constitute

3  full, complete, and final settlement of this action.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FOR THE PLAINTIFF:

UNITED STATES OF AMERICA:

PETER D. KEISLER
Assistant Attorney General
Civil Division
U.S. Department of Justice

EUGENE M. THIROLF
Director,
KENNETH L. JOST
Deputy Director,
Office of Consumer Litigation

_____/s/_____
JOHN W. BURKE (VA BAR NO. 72780)
Trial Attorney
Office of Consumer Litigation
U.S. Department of Justice
P.O. Box 386
Washington, D.C. 20044
PHONE: 202-353-2001
FAX: 202-514-8742
EMAIL: Josh.Burke@usdoj.gov

FOR THE FEDERAL TRADE COMMISSION

_____/s/_____
LOIS C. GREISMAN
Associate Director for Marketing Practices

_____/s/_____
STEPHEN L. COHEN
Ethan Arenson
Attorneys, Federal Trade Commission
600 Pennsylvania Ave., N.W.
Washington, D.C.  20580

Stip. Final Judgment

FOR THE DEFENDANT:

_____/s/_____
D. Reed Freeman, Jr.
Kelley Drye Collier Shannon
3050 K St., NW, Suite 400
Washington, D.C. 20007
202-342-8880


_____/s/_____
Adteractive, Inc.
BY: Josh Peterson
Chairman


_____/s/_____
Adteractive, Inc.
BY: Diego Canoso
Vice President
_____
303 2nd Street, Suite 375
San Francisco, CA 94107


     **SO ORDERED**  this _____ day of _____, 2007.

                              _____
                              United States District Judge