1 | PETER D. KEISLER
Assistant Attorney General

2 |

3 | EUGENE M. THIROLF
Director,
KENNETH L. JOST

4 | Deputy Director,
Office of Consumer Litigation

5 |

6 | JOHN W. BURKE (VA BAR NO. 72780)
Trial Attorney, Office of Consumer Litigation
Civil Division

7 | United States Department of Justice
P.O. Box 386

8 | Washington, D.C. 20044
Telephone: (202) 353-2001

9 | Facsimile: (202) 514-8742
Email: josh.burke@usdoj.gov

10 |

Attorneys for Plaintiff United States of America

11 |

12 | **UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

13 |

14 | **UNITED STATES OF AMERICA,**

15 | **Plaintiff,**

16 | **v.**

17 | **ADTERACTIVE, INC., doing business as FreeGiftWorld.com and SamplePromotionsGroup.com,**

18 |

19 | **Defendant.**

**Case No. CV-07-5940 SI**

**STIPULATED FINAL JUDGMENT FOR CIVIL PENALTIES AND PERMANENT INJUNCTIVE RELIEF**

20 |

21 | Plaintiff, the United States of America, acting upon

22 | notification and authorization to the Attorney General by the

23 | Federal Trade Commission ("FTC" or the "Commission"), pursuant to

24 | Section 16(a)(1) of the Federal Trade Commission Act ("FTC Act"),

25 | 15 U.S.C. § 56(a)(1), has filed a complaint pursuant to Sections

26 | 5(a)(1), 5(m)(1)(A), 13(b), 16(a), and 19 of the FTC Act,

27 | 15 U.S.C. §§ 45(a)(1), 45(m)(1)(A), 53(b), 56(a), and 57b and

28 |

1  under Section 7(a) of the Controlling the Assault of Non-
2  Solicited Pornography and Marketing Act of 2003 ("CAN-SPAM" or
3  the "CAN-SPAM Act"), 15 U.S.C. § 7706(a), to secure civil
4  penalties, a permanent injunction, and other equitable relief for
5  Defendant's violations of Section 5(a) of the FTC Act, 15 U.S.C.
6  § 45(a), and Section 5(a) of CAN-SPAM, 15 U.S.C. § 7704(a).

7      Defendant has waived service of the Summons and Complaint;
8  the parties have been represented by the attorneys whose names
9  appear hereafter; and the parties have agreed to settlement of
10  this action upon the following terms and conditions, without
11  adjudication of any issue of fact or law and without Defendant
12  admitting liability for any of the matters alleged in the
13  Complaint.

14      THEREFORE, on the joint motion of the parties, it is hereby
15  ORDERED, ADJUDGED AND DECREED as follows:

16                          **FINDINGS**

17  1.    This Court has jurisdiction over the subject matter of this
18  action pursuant to 15 U.S.C. §§ 45(m)(1)(A), 53(b), 56(a), 57b,
19  and 7706(a), and 28 U.S.C. §§ 1331, 1337(a), 1345, and 1355.
20  2.    Plaintiff and Defendant consent to jurisdiction and venue in
21  this District.
22  3.    The activities of Defendant are in or affecting commerce, as
23  defined in Section 4 of the FTC Act, 15 U.S.C. § 44.
24  4.    The Complaint states a claim upon which relief may be
25  granted against Defendant under Section 5(a) of the CAN-SPAM Act,
26  15 U.S.C. § 7704(a), and Sections 5(a), 5(m)(1)(A), 13(b) and 19
27  of the FTC Act, 15 U.S.C. §§ 45(a), 45(m)(1)(A), 53(b), and 57b.

28

5.    Defendant has entered into this Stipulated Final Judgment For Civil Penalties And Permanent Injunctive Relief ("Order") freely and without coercion.

6.    Defendant hereby waives all rights to appeal or otherwise challenge or contest the validity of this Order.

7.    Defendant agrees that this Order does not entitle Defendant to seek or to obtain attorneys' fees as a prevailing party under the Equal Access to Justice Act, 28 U.S.C. § 2412, and Defendant further waives any rights to attorneys' fees that may arise under said provision of law.

8.    Entry of this Order is in the public interest.

## DEFINITIONS

For the purpose of this Order, the following definitions shall apply:

1.    "Commercial electronic mail ('email') message" means any email message the primary purpose of which is the commercial advertisement or promotion of a commercial product or service (including content on an Internet website operated for a commercial purpose) and that further satisfies the requirements of 16 C.F.R. §§ 316.1 - 316.5, as they exist now and may be amended.

2.    Unless otherwise specified, "Defendant" means Adteractive, Inc., d/b/a FreeGiftWorld.com and SamplePromotionsGroup.com, and its successors, assigns, affiliates, or subsidiaries.

3.    "Document" is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure

1  34(a), and includes writings, drawings, graphs, charts,

2  photographs, audio and video recordings, computer records, and

3  other data compilations from which information can be obtained

4  and translated, if necessary, into reasonably usable form through

5  detection devices.  A draft or non-identical copy is a separate

6  document within the meaning of the term.

7      4.    "Electronic mail ('email') address" means a

8  destination, commonly expressed as a string of characters,

9  consisting of a unique user name or mailbox (commonly referred to

10  as the "local part") and a reference to an Internet domain

11  (commonly referred to as the "domain part"), whether or not

12  displayed, to which an email message can be sent or delivered.

13      5.    "Electronic mail ('email') message" means a message

14  sent to a unique email address.

15      6.    "Initiate," when used with respect to a commercial

16  email message, means to originate or transmit such message or to

17  procure the origination or transmission of such message, but

18  shall not include actions that constitute routine conveyance of

19  such message.  For purposes of this Order, more than one person

20  may be considered to have initiated a message.

21      7.    "Landing page" means, in online marketing, a specific

22  web page that a visitor reaches after clicking a link or

23  advertisement in an email or banner ad.  This page usually

24  showcases content that is an extension of the link or ad.

25      8.    "Person" means a natural person or a corporation,

26  partnership, proprietorship, limited liability company, or other

27  organization or legal entity, including an association,

28

Stip. Final Judgment
CV-07-5940              Page 4 of 16

1  cooperative, or agency, or other group or combination acting as

2  an entity.

3      9.   "Procure," when used with respect to the initiation of

4  a commercial email message, means intentionally to pay or provide

5  other consideration to, or induce, another person to initiate

6  such a message on one's behalf.

7      10.   "Recipient," when used with respect to a commercial

8  email message, means an authorized user of the email address to

9  which the message was sent or delivered.  If a recipient of a

10  commercial email message has one or more email addresses in

11  addition to the address to which the message was sent or

12  delivered, the recipient shall be treated as a separate recipient

13  with respect to each such address.  If an email address is

14  reassigned to a new user, the new user shall not be treated as a

15  recipient of any commercial email message sent or delivered to

16  that address before it was reassigned.

17      11.   "Sender," when used with respect to a commercial email

18  message, means a person who initiates such a message and whose

19  product, service, or Internet website is advertised or promoted

20  by the message.

21                            **ORDER**

22  **I.   PROHIBITION AGAINST FAILING TO DISCLOSE MATERIAL INFORMATION**

23      IT IS THEREFORE ORDERED that Defendant, its successors,

24  assigns, officers, agents, servants, and employees, and those

25  persons in active concert or participation with it who receive

26  actual notice of this Order by personal service or otherwise are

27  hereby permanently restrained and enjoined from:

28

A.    In any email and online advertisement, and on any landing page associated with such email or online advertisement, that contains any direct or implied representation made by Defendant, or made by any authorized agent on behalf of Defendant, that a gift or award is free, failing to disclose, in the same color, font, and size, and within close proximity to such representation that a purchase is required, or that purchases are required, to obtain such gift or award, when such is the case;

B.    On any landing page associated with any direct or implied representation made by Defendant, or made by any authorized agent on behalf of Defendant, that a gift or award is free, failing to disclose, in a clear and conspicuous manner:

       1.    A list of the monetary obligations a consumer is likely to incur to obtain the advertised gift or award;

       2.    A list of any non-monetary obligations a consumer is likely to incur to obtain the advertised gift or award, such as having to apply and qualify for credit cards or an automobile loan.

## II.  PROHIBITION AGAINST VIOLATING THE CAN-SPAM ACT

IT IS FURTHER ORDERED that Defendant, its successors, assigns, officers, agents, servants, and employees, and those persons in active concert or participation with it who receive actual notice of this Order by personal service or otherwise are hereby permanently restrained and enjoined from violating the CAN-SPAM Act, 15 U.S.C. §§ 7701 *et seq.*, attached hereto as

Attachment A, and as it may be amended, by, including, but not
limited to, initiating the transmission of a commercial email
message that misrepresents the content or subject matter of the
message.

### III.   CIVIL PENALTIES

IT IS FURTHER ORDERED that Defendant shall pay to Plaintiff
a civil penalty, pursuant to Section 5(m)(1)(A) of the Federal
Trade Commission Act, 15 U.S.C. § 45(m)(1)(A), in the amount of
$650,000 as follows:

A.    Defendant shall make the payment required by this Part
within ten (10) business days of the date of entry of this Order
by electronic fund transfer or certified or cashier's check in
accordance with the instructions provided by the Office of
Consumer Litigation, Civil Division, U.S. Department of Justice,
Washington, D.C. 20530, for appropriate disposition; and

B.    In the event of any default in payment, which default
continues for ten (10) business days beyond the due date of
payment, the entire unpaid penalty, together with interest, as
computed pursuant to 28 U.S.C. § 1961, from the date of default
to the date of payment, shall immediately become due and payable.

### IV.   COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring
and investigating compliance with any provision of this Order,

A.    Within ten (10) days of receipt of written notice from
a representative of the Commission, Defendant shall submit
additional written reports, sworn to under penalty of perjury;
produce documents for inspection and copying; appear for

1  deposition; and/or provide entry during normal business hours to

2  any business location in such Defendant's possession or direct or

3  indirect control to inspect the business operation;

4      B.    In addition, the Commission is authorized to monitor

5  compliance with this Order by all other lawful means, including

6  but not limited to the following:

7              1.    Obtaining discovery from any person, without

8                    further leave of court, using the procedures

9                    prescribed by Fed. R. Civ. P. 30, 31, 33, 34, 36,

10                   and 45;

11             2.    Posing as consumers and suppliers to Defendant's

12                   employees, or any other entity managed or

13                   controlled in whole or in part by Defendant,

14                   without the necessity of identification or prior

15                   notice; and

16     C.    Within ten (10) days of receipt of written notice from

17  a representative of the Commission, Defendant shall permit

18  representatives of the Commission to interview any employer,

19  consultant, independent contractor, representative, agent, or

20  employee who has agreed to such an interview, relating in any way

21  to any conduct subject to this Order.  The person interviewed may

22  have counsel present.

23      ***Provided, however,*** that nothing in this Order shall limit

24  the Commission's lawful use of compulsory process, pursuant to

25  Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1, to

26  obtain any documentary material, tangible things, testimony, or

27  information relevant to unfair or deceptive acts or practices in

28

or affecting commerce (within the meaning of 15 U.S.C.
§ 45(a)(1)).

### V.   COMPLIANCE REPORTING BY DEFENDANT

IT IS FURTHER ORDERED that, in order that compliance with the provisions of this Order may be monitored:

A.   For a period of five (5) years from the date of entry of this Order, Defendant shall notify the Commission of any changes in corporate structure that may affect compliance obligations arising under this Order, including but not limited to a dissolution, assignment, sale, merger, or other action that would result in the emergence of a successor entity; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order; the filing of a bankruptcy petition; or a change in the corporate name or address, at least thirty (30) days prior to such change, *provided* that, with respect to any proposed change in the corporation about which Defendant learns less than thirty (30) days prior to the date such action is to take place, Defendant shall notify the Commission as soon as is practicable after obtaining such knowledge;

B.   One hundred eighty (180) days after the date of entry of this Order, Defendant shall provide a written report to the FTC, sworn to under penalty of perjury, setting forth in detail the manner and form in which it has complied and is complying with this Order.  This report shall include, but not be limited to:

Stip. Final Judgment
CV-07-5940          Page 9 of 16

1         1.   A copy of each acknowledgment of receipt of this

2              Order, obtained pursuant to Part VII.B of this

3              Order; and

4         2.   Any changes required to be reported pursuant to

5              subsection A of this Part;

6    C.   For the purposes of this Order, Defendant shall, unless

7 otherwise directed in writing by the Commission's authorized

8 representatives, mail all written notifications to the Commission

9 to:

10         Associate Director for the
             Division of Enforcement

11         Federal Trade Commission
             601 New Jersey Avenue, N.W.

12         Washington, D.C.  20580
             Re:  United States v. Adteractive, Inc.

13         Case No. CV-07-5940 (SI);

14

15    D.   For the purposes of this Order, Defendant shall, unless

16 otherwise directed in writing by a representative of Plaintiff,

17 identify all written notifications required to be sent to

18 Plaintiff as in reference to DJ# 102-3433, and mail them to:

19         Director, Office of Consumer Litigation
             U.S. Department of Justice - Civil Division
             P.O. Box 386

20         Washington, D.C.  20044; and

21    E.   For purposes of the compliance reporting and monitoring

22 required by this Order, representatives of Plaintiff and the

23 Commission are authorized to communicate directly with

24 Defendant's officers.

25                **VI. RECORD KEEPING PROVISIONS**

26    IT IS FURTHER ORDERED that, for a period of eight (8) years

27 from the date of entry of this Order, Defendant is hereby

28

Stip. Final Judgment

1  restrained and enjoined from failing to create and retain the

2  following records in connection with the marketing, advertising,

3  or promotion of any "free" gift or award from Defendant, and from

4  failing to make such records (or reports concerning such records)

5  available for inspection and copying within ten (10) days of

6  receipt of a written request from a representative of Plaintiff

7  or Commission:

8      A.   Standard accounting records generated in the ordinary

9  course of business including, but not limited to, balance sheets,

10 income statements, and annual reports;

11     B.   Personnel records accurately reflecting:  the name,

12 address, and telephone number of each person employed in any

13 capacity by such business, including as an independent

14 contractor; that person's job title or position; the date upon

15 which the person commenced work; and the date and reason for the

16 person's termination, if applicable;

17     C.   Customer files containing the names, addresses, phone

18 numbers, dollar amounts paid, quantity of items or services

19 purchased, and description of items or services purchased, to the

20 extent such information is obtained in the ordinary course of

21 business;

22     D.   Records that reflect, for every written or oral

23 consumer complaint received by Defendant in the prior three (3)

24 year period relating to the activities of promoting "free" goods

25 and services, whether directly or indirectly or through any third

26 party, (1) the name, address, and telephone number, if provided

27 by the complaining consumer; (2) the written complaint or

28

request, if any; (3) the basis of the complaint or request if
known; (4) the nature and result of any investigation conducted
concerning the complaint or request; (5) each response and the
date of such response to the complaint or request; (6) any final
resolution of the complaint or request, and the date of such
resolution; and (7) in the event of a denial of any resolution,
the reason for the denial;

E.    Copies of all sales scripts, training materials,
advertisements, or other marketing materials;

F.    Records demonstrating reasonable policies and
procedures to process and handle customer inquiries and
complaints; and

G.    All records and documents necessary to demonstrate full
compliance with each provision of this Order, including but not
limited to, copies of acknowledgments of receipt of this Order
required by Part VII.B, and all reports submitted to the FTC
pursuant to Part V of this Order.

## VII.  DISTRIBUTION OF ORDER BY DEFENDANT

IT IS FURTHER ORDERED that, for a period of five (5) years
from the date of entry of this Order, Defendant shall deliver
copies of this Order as directed below:

A.    Defendant must deliver a copy of this Order to all its
principals, officers, directors, and managers.  Defendant must
also deliver copies of this Order, or summaries of this Order, to
all its employees, agents, and representatives who engage in
conduct related to the subject matter of this Order.  For current
personnel, delivery shall be within ten (10) days of service of

1  this Order upon Defendant.  For new personnel, delivery shall

2  occur prior to them assuming their responsibilities; and

3      B.    Defendant must secure a signed and dated statement

4  acknowledging receipt of this Order, within thirty (30) days of

5  delivery, from all persons receiving a copy of this Order

6  pursuant to this Part.

7              **VIII.   ACKNOWLEDGMENT OF RECEIPT OF ORDER BY DEFENDANT**

8      IT IS FURTHER ORDERED that Defendant, within five (5)

9  business days of receipt of this Order as entered by the Court,

10  must submit to the Commission a truthful sworn statement

11  acknowledging receipt of this Order.

12                    **IX.   FEES AND COSTS**

13      IT IS FURTHER ORDERED that each party to this Order hereby

14  agrees to bear its own costs and attorneys' fees incurred in

15  connection with this action.

16                    **X.   SEVERABILITY**

17      IT IS FURTHER ORDERED that the provisions of this Order are

18  separate and severable from one another.  If any provision is

19  stayed or determined to be invalid, the remaining provisions

20  shall remain in full force and effect.

21                **XI.   RETENTION OF JURISDICTION**

22      IT IS FURTHER ORDERED that this Court shall retain

23  jurisdiction of this matter for purposes of construction,

24  modification, and enforcement of this Order.

25                  **XII.   COMPLETE SETTLEMENT**

26      The parties, by their respective counsel, hereby consent to

27  entry of the foregoing Order, which shall constitute a final

28

Stip. Final Judgment

judgment and order in this matter.   The parties further stipulate and agree that the entry of the foregoing Order shall constitute full, complete, and final settlement of this action.

1  FOR THE PLAINTIFF:

2  UNITED STATES OF AMERICA:

3  PETER D. KEISLER
   Assistant Attorney General
4  Civil Division
   U.S. Department of Justice
5
   EUGENE M. THIROLF
6  Director,
   KENNETH L. JOST
7  Deputy Director,
   Office of Consumer Litigation
8
   _____/s/_____
9  JOHN W. BURKE (VA BAR NO. 72780)
   Trial Attorney
10 Office of Consumer Litigation
   U.S. Department of Justice
11 P.O. Box 386
   Washington, D.C. 20044
12 PHONE: 202-353-2001
   FAX: 202-514-8742
13 EMAIL: Josh.Burke@usdoj.gov

14 FOR THE FEDERAL TRADE COMMISSION

15
   _____/s/_____
16 LOIS C. GREISMAN
   Associate Director for Marketing Practices
17
   _____/s/_____
18 STEPHEN L. COHEN
   Ethan Arenson
19 Attorneys, Federal Trade Commission
   600 Pennsylvania Ave., N.W.
20 Washington, D.C.  20580

21

22

23

24

25

26

27

28 Stip. Final Judgment
   CV-07-5940                    Page 15 of 16

FOR THE DEFENDANT:

_____/s/_____
D. Reed Freeman, Jr.
Kelley Drye Collier Shannon
3050 K St., NW, Suite 400
Washington, D.C. 20007
202-342-8880


_____/s/_____
Adteractive, Inc.
BY: Josh Peterson
Chairman

_____/s/_____
Adteractive, Inc.
BY: Diego Canoso
Vice President

_____
303 2nd Street, Suite 375
San Francisco, CA 94107

**SO ORDERED** this ___27TH___ day of ___NOVEMBER___ 2007.

_____
United States District Judge